# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80616-CIV-RYSKAMP/VITUNAC

MARK BLOOM and
EUGENE GOLDBERG,

      Plaintiffs,

v.

HOME DEVCO/TIVOLI ISLES, LLC, a
Florida Limited Liability Company, and
HOME DEVCO/TIVOLI ISLES, INC.,
a Florida Corporation,

      Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court pursuant to Plaintiffs Mark Bloom and Eugene Goldberg's ("Plaintiffs") Motion for Summary Judgment, filed May 27, 2008 **[DE 31]**. Defendant Home Devco/Tivoli Isles, LLC ("Home Devco, LLC") and Defendant Home Devco/Tivoli Isles, Inc. ("Home Devco, Inc.") (collectively, "Defendants") responded on June 16, 2008 **[DE 33]**. Plaintiffs replied on June 25, 2008 **[DE 36]**. The Court heard oral argument on this motion on November 7, 2008. This motion is ripe for adjudication.

## I.      BACKGROUND

On February 1, 2005, Plaintiffs and Home Devco, LLC entered into a Purchase and Sale Agreement whereby Plaintiffs purchased a home of the to be built on a lot in the Tivoli Isles development in Palm Beach County, Florida. Plaintiffs made an initial deposit of $42,990.00,

2

representing 10% of the contract price.  As of September 24, 2006, Plaintiffs paid a total of

$73,855.00 toward the purchase.

The Purchase and Sale Agreement contained language relating to the anticipated time of

completion of the home:

> Notwithstanding the foregoing or any other provision contained in this Agreement, the Seller agrees that it is unconditionally obligated to complete and deliver the Residence to Buyer no later than twenty-four (24) months from the date of the execution of this Agreement; however, said twenty-four (24) month period shall be extended by any time lost to Seller as a result of delays caused by acts of God, acts of governmental authority, flood, hurricane, strikes, labor conditions beyond Seller's control or any other similar causes not within Seller's control.

"Home Devco"[1] sent Plaintiffs a letter on August 6, 2006, stating that

> due to the hurricanes we experienced in 2005 and delays caused by acts of the building department authorities which were beyond the control of the Seller, it is possible your home may not be completed in the time frame as estimated in your original purchase agreement.

The letter further instructed Plaintiffs that

> [i]n order to have a choice with your structural, color selections, and options, the enclosed addendum to the purchase agreement must be signed, dated and mailed to the Tivoli Sales office no later than August 16, 2006.

The Addendum to the Purchase and Sale Agreement contained language stating that "[t]he

Effective Date of the Purchase Agreement (and the date the Purchaser is deemed to have

executed the Purchase Agreement) is hereby amended to be August 8, 2006."

---

[1] The letter does not specify whether "Home Devco" refers to "Home Devco, LLC" or "Home Devco, Inc."

3

Plaintiffs executed the Addendum on September 18, 2006.  Home Devco, LLC executed same on September 25, 2006.  Plaintiffs allege that Defendants required execution of the Addendum "with the intent of avoiding the effect of [the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. § 1701, et seq.] and/or a breach of the subject contract."

It is undisputed that Plaintiffs did not receive a property report as required by § 1703(a) of ILSA.  It is also undisputed that the Purchase and Sale Agreement fails to contain required language under § 1703(c) establishing the right to rescind the Purchase and Sale Agreement in the event of non-delivery of a property report.  Plaintiffs sent an initial demand letter for the return of all deposits two years and one week after the date they signed the February 1, 2005 Purchase and Sale Agreement.[2]  Plaintiffs did not receive any monies pursuant to this request and filed suit on July 11, 2007.

Plaintiffs bring a three-count Amended Complaint.  Count I is a claim for violation of ILSA for failure to provide a property report and failure to provide notice of the attendant right to revoke.  Plaintiffs seek various remedies in their ILSA claim, including rescission of the contract, damages, interest, costs and attorneys' fees.  Count II is a claim for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fl. Stat. Ch. 501.  Plaintiffs contend that the violations of ILSA constitute per se violations of the FDUTPA under Fla. Stat. § 501.203(3)(c).  Plaintiffs also claim that the August 8, 2006 Addendum represented an attempt to extend the effective date of the Purchase and Sale Agreement, which Plaintiffs characterize as an action that is "likely to deceive the consumer, and has deceived the consumer in this instance as it is illusory."  Plaintiffs also claim damages for delay and the loss of their deposit.  All told, the

---

[2] The record does not specify the exact date of the demand letter.

4

relief Plaintiffs seek under FDUTPA includes damages, interest, costs and attorneys' fees, or, in the alternative, a civil penalty plus costs and attorneys' fees.  Count III is an alternative claim for breach of contract, alleging that if the Purchase and Sale Agreement required the completion of the residence within two years, Defendants breached same.

Plaintiffs have moved for summary judgment on the ILSA and FDUTPA counts, arguing that the transaction is subject to ILSA and that Defendants failed to comply with same in failing to provide them with a property report and failing to inform them in the Purchase and Sale Agreement of their rescission right.  Plaintiffs state that if this motion is granted, their breach of contract claim will be moot.

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986) (quoting Fed. R. Civ. P. 56(c)).  An issue is "material" if it is a legal element of the claim under applicable substantive law that may affect the resolution of the action.  See Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).  An issue is "genuine" if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party.  See id.  The

5

movant may meet this standard by presenting evidence demonstrating the absence of a dispute of

material fact or by showing that the nonmoving party has not presented evidence in support of an

element of its case on which it bears the burden of proof.  Celotex, 477 U.S. at 322-23, 106 S.Ct.

at 2552-53.  The moving party need not supply "affidavits or other similar materials negating the

opponent's claim."  Id.

　　　Once the moving party meets its burden, the nonmoving party must "go beyond the

pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and

admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Id.

at 324, 106 S.Ct. at 2552-53 (quoting Fed.R.Civ.P. 56(e)).  Although the nonmovant need not

present evidence that would be admissible at trial, it may not rest on his pleadings.  Id. "[T]he

plain language of rule 56(c) mandates the entry of summary judgment, after adequate time for

discovery and upon motion, against a party who fails to make a showing sufficient to establish

the existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial."  Id. at 322; 106 S.Ct. at 2552.  See also Graham v. State Farm Mut. Ins.

Co., 193 F.3d 1274, 1281-82 (11th Cir. 1999).

### III.　DISCUSSION

**A.　The Transaction Is Not Subject to ILSA**

　　　Section 1702(a)(2) provides for several exemptions from ILSA, one of which is "the sale

or lease of land under a contract obligating a seller or lessor to erect such a building thereon

within a period of two years."  Otherwise stated, if the contract obligates the seller to erect the

residence within two years of the date of execution of the contract, the transaction is not subject

to ILSA.  At issue is whether the Purchase and Sale Agreement obligated construction of the

home on the lot within two years.

Federal law governs interpretation of ILSA.  See Sola Electric Co. v. Jefferson Electric

Co., 317 U.S. 173, 176, S.Ct. 172, 174 (1942); In re Prudential Florida Leasing, Inc., 478 F.3d

1291, 1298 (11th Cir. 2007).  The Department of Housing and Urban Development ("HUD") has

issued guidelines as to the meaning of the word "obligate."  These guidelines, as interpretative

agency rules, are entitled to "great deference."  Winter, 777 F.2d at 1448.  According to HUD,

"[t]he contract must not allow nonperformance by the seller at the seller's discretion."  Guidelines

for Exemptions Available Under the Interstate Land Sales Full Disclosure Act, 61 Fed. Reg.

13596, 13603 (Mar. 27, 1996) ("Guidelines").  "Contracts that permit the seller to breach

virtually at will are viewed as unenforceable because the construction obligation is not an

obligation in reality."  Id.  The Guidelines further provide that

> [c]ontract provisions which allow for nonperformance or for delays
> of construction completion beyond the two-year period are
> acceptable as such provisions are legally recognized as defenses to
> contract actions in the jurisdiction where the building as being
> erected.  For example, provisions to allow time extensions for
> events or occurrences such as acts of God, casualty losses or
> material shortages are generally permissible.

Id.  Although the Guidelines are entitled to deference, the ultimate determination of whether the

contract obligates the seller to construct the residence within two years is a question of state

contract law.  Guidelines, 61 Fed.Reg. at 13603 ("Because of the variations in applicable contract

law among the states and the many different provisions…used by sellers in construction

7

contracts, HUD may condition its advisory opinions regarding this exemption on representations by local counsel as to the current status of state law on the relevant issues.").

The Florida Supreme Court held in Samara Development Corp. v. Marlow, 556 So.2d 1097, 1100 (Fla. 1990), that "the obligation [to construct in two years] must be unrestricted and the contract must not limit the purchaser's right to seek specific performance or damages."  This language notwithstanding, both the Eleventh Circuit and Florida federal district courts have held that a contract need not contain an unqualified promise to construct a home within two years to be exempt from ILSA.  If the contract contains language attributing potential nonperformance to conditions constituting impossibility, the obligation to construct within two years remains, and the contract is not subject to ILSA.

Under Florida law, the impossibility of performance defense "refers to those factual situations, too numerous to catalog, where the purposes for which the contract was made, have, on one side, become impossible to perform."  Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc., 174 So.2d 614, 617 (Fla. 2d DCA 1965).  "The doctrine of impossibility of performance should be employed with great caution if the relevant business risk was foreseeable at the inception of the agreement and could have been the subject of an express provision of the agreement."  Am. Aviation, Inc. v. Aero-Flight Serv., Inc., 712 So.2d 809, 810 (Fla. 4th DCA 1998).

At issue is whether the contract must designate circumstances potentially interfering with construction within two years as circumstances that constitute "impossibility."  Florida federal district courts disagree as to whether a contract must contain specific "impossibility" language to render the contract exempt from ILSA.  One Florida federal district court has held

8

that if a contract does not specifically mention the impossibility defense, the seller's obligation to

build within two years is illusory, and the contract is subject to ILSA.  The contract at issue in

Stein v. Paradigm Mirsol, LLC, 551 F.Supp.2d 1323 (M.D.Fla. 2008) provided as follows:

> Construction of the condominium unit will be complete and ready
> for possession within two (2) years from the execution of this
> Purchase Agreement in compliance with the Interstate Land Sales
> Full Disclosure Act; provided, however, that Seller shall not be
> responsible for any delay caused by acts of God, weather
> conditions, restrictions imposed by any governmental agency, labor
> strikes, material shortages or other delays beyond the control of the
> Seller and the completion and occupancy date shall be extended
> accordingly.

Id. at 1329.  The Middle District reasoned that "acts of God" is a term of art with a "limited

definition that does not render the Agreement illusory." Id. at 1330 (citing Florida Power Corp.

v. City of Tallahassee, 18 So.2d 671, 675 (1944) ("An act of God, such as will excuse

nonperformance of a legal contract, must be an act or occurrence so extraordinary and

unprecedented that human foresight could not foresee or guard against it, and the effect of which

could not be prevented or avoided by the exercise of reasonable prudence, diligence, and care or

by the use of those means which the situation of the party renders it reasonable that he should

employ.")).  Significantly, however, the contract did not limit the other permissible delays to

those that would support an impossibility defense.  Id.  Rather, the contract "allows exclusions

for far less compelling reasons, culminating in a catchall 'other delays beyond the control of the

Seller,'" exclusion, which "is certainly broad enough to allow the Seller to excuse completion on

a wide variety of events." Id.  The breadth of discretion afforded the seller rendered the contract

subject to ILSA.

9

Rondini v. Evernia Properties, LLLP, Case No. 07-81077-CIV-HURLEY, 2008 WL 793512, at *2 (S.D. Fla. Feb. 13, 2008), involved a contract allowing for "delays caused by Acts of God, the unavailability of materials, strikes, other labor problems, governmental orders or other events which would support a defense based on impossibility of performance for reasons beyond [defendant's] control."  The Court held that the contract imposed a genuine obligation on the seller to construct within two years and was therefore not subject to ILSA.  Id. at *3.

Caswell v. Antilles Vero Beach, LLC, Case No. 08-80313-CIV-MIDDLEBROOKS, 2008 WL 4279555 (S.D. Fla. 2008) examined a contract that provides as follows:

> Seller does, however, agree to substantially complete construction of the Property in the manner specified in this Agreement, by a date no later than twenty-four (24) months from the Effective Date, subject, however, to delays resulting from Seller's implementation of Approved Upgrades and Approved Change Orders, lack of timely decisions from Buyer regarding any required finish slections, acts of God, adverse weather conditions, unavailability of materials, strikes, other labor problems, governmental orders, local ordinances and restrictions, interference by Buyer or agents of Buyer with Seller, and any other similar events beyond Seller's reasonable control, which shall extend the Closing for a reasonable period.

Id. at *2.  Although this language did not contain the term "impossibility," Court noted that the conditions listed in the contract were those that what form the basis for impossibility defense. Accordingly, the seller had a genuine obligation to construct within two years.  The contract was therefore exempt from ILSA.  Id. at *3.

The Eleventh Circuit ruled on this issue in Kamel v. Kenco/The Oaks at Boca Raton, L.P., 2008 WL 4601715, at *3 (11th Cir. 2008), which involved a contract stating that the seller

would construct the home in one year and 11 months "subject to... delays caused by Buyer or acts of God, the unavailability of materials, strikes, other labor problems, governmental orders, or other events which would support a defense based upon impossibility of performance for reasons beyond Seller's control."  The Eleventh Circuit held that the contract represented an unrestricted obligation on the part of the seller to construct the home in one year and 11 months on the grounds that Florida law recognizes the defense of impossibility of performance.  Id.  The buyers maintained that the impossibility language constituted an additional exception tacked on to a list of other exemptions, thereby defeating any "unrestricted" aspect of the contract.  Id. at *4.  The Eleventh Circuit disagreed, holding that the language merely provided a "nonexhaustive sampling" of scenarios that could potentially support an impossibility defense, but that "the only condition that [seller] placed on its ability to complete construction was impossibility."  Id. at *3.  Accordingly, the contract was exempt from ILSA.  Significantly, while Kamel noted that the only condition placed on the ability to complete construction within two years was impossibility, Kamel did not hold that failure to include the word "impossible" in the contract necessarily rendered the two-year obligation illusory.

Here, the obligation to construct in two years is subject to extensions for delays caused by circumstances beyond the control of the seller, but the contract does not contain the word "impossible."   This Court holds that whether a contract contains an unqualified obligation to construct within two years does not depend on whether the contract contains the term "impossibile."   Such a formulation would be hypertechnical; the conditions specified in the contract at issue here are acts of God, acts of governmental authority, floods, hurricanes, strikes and labor conditions beyond the control of the seller, all of which would support an impossibility

11

defense.  See Crown Ice Machine Leasing, 174 So.2d at 617 (the impossibility of performance defense "refers to those factual situations, too numerous to catalog, where the purposes for which the contract was made, have, on one side, become impossible to perform.").   Accordingly, the obligation to construct within two years is not illusory and the contract is exempt from ILSA.

**B.      FDUTPA Claim**

Whereas Plaintiffs are not entitled to summary judgment as to their ILSA damages claim, Plaintiffs are also not entitled to summary judgment on their FDUTPA claim.

**C.      Breach of Contract Claim**

Plaintiffs did not move for summary judgment on their breach of contract claim. Plaintiffs state in their Amended Complaint that if they prevail on their ILSA and FDUTPA claims, their breach of contract claim will be moot.  Whereas the Court has determined that the Purchase and Sale Agreement did obligated the construction of the home within two years, the breach of contract claim remains.

## IV.      CONCLUSION

THE COURT, having considered the pertinent portions of the record and being otherwise fully advised, hereby

ORDERS AND ADJUDGES that the Motion for Summary Judgment, filed May 27, 2008 **[DE 31]**, is DENIED.   This matter shall proceed to trial on the breach of contract claim.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 6th day of January, 2009.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE